**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

SUSAN D. ELKINS,

        Plaintiff,

        v.                       CAUSE NO.: 1:25-CV-338-TLS

FRANK BISIGNANO, Commissioner of the
Social Security Administration,

        Defendant.

**OPINION AND ORDER**

The Plaintiff Susan D. Elkins seeks review of the final decision of the Commissioner of

the Social Security Administration denying her applications for disability insurance benefits and

supplemental security income. The Plaintiff argues that the Administrative Law Judge (ALJ)

erred in formulating the Plaintiff's residual functional capacity. For the reasons set forth below,

the Court finds that reversal and remand for further proceedings is required.

**PROCEDURAL BACKGROUND**

On October 11, 2022, the Plaintiff filed applications for disability insurance benefits and

supplemental security income alleging disability beginning on September 12, 2022. AR 10, ECF

No. 7. After the claims were denied initially and on reconsideration, the Plaintiff requested a

hearing, which was held before the ALJ on June 13, 2024. *Id.* On June 26, 2024, the ALJ issued

a written decision, finding the Plaintiff not disabled. AR 10–31. The Plaintiff sought review of

the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied

review. AR 1–6. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v.

Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42

U.S.C. § 405(g). On June 25, 2025, the Plaintiff filed her Complaint [ECF No. 1] in this Court,

seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief, the

Commissioner filed a response brief, and the Plaintiff filed a reply brief. ECF Nos. 12, 18, 19.

### THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a

claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see* 20 C.F.R. §§ 404.1505(a), 416.905(a).

To be found disabled, a claimant must have a severe physical or mental impairment that prevents

her from doing not only her previous work, but also any other kind of gainful employment that

exists in the national economy, considering her age, education, and work experience. 42 U.S.C.

§§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505(a), 416.905(a). An ALJ conducts a five-

step inquiry to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The

claimant bears the burden of proving steps one through four, whereas the burden at step five is

on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see* 20 C.F.R.

§§ 404.1512, 416.912.

The first step is to determine whether the claimant is no longer engaged in substantial

gainful activity. *Id.* §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). In this case, the ALJ found

that the Plaintiff had not engaged in substantial gainful activity since September 12, 2022, the

alleged onset date. AR 12.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20

C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). Here, the ALJ determined that the

Plaintiff has the severe impairments of chronic pain syndrome, fibromyalgia, multiple sclerosis,

degenerative disc disease of the cervical spine, cervico-occipital neuralgia/neuritis, degenerative changes of the thoracic spine, left tennis elbow (chronic stable), left carpal tunnel syndrome, right knee osteoarthritis, generalized anxiety disorder with panic specifier, bipolar disorder, major depression (recurrent, moderate), and attention deficit disorder (combined type, mild on medication). AR 13.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings [in appendix 1 to subpart P of part 404 of this chapter]." 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that she considered Listings 1.15, 1.16, 1.18, 11.09, 11.14, 12.00, 12.04, 12.06, 12.11, and 14.09. AR 13–16.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see* 20 C.F.R. §§ 404.1520(e), 416.920(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can frequently handle and finger with the left upper extremity. The claimant can carry out simple instructions.

AR 16.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work in light of the RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), 416.920(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work under 20 C.F.R. §§ 404.1565, 416.965. AR 23.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy of cashier, merchandise marker, and routing clerk. AR 24–25.

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that

of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539 (citations omitted); *see Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (cleaned up). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

In this appeal, the Plaintiff argues that the RFC is not supported by substantial evidence because, although the ALJ considered the results of the Plaintiff's February 2024 MRI, no physician interpreted those results in a way that could have properly guided the ALJ in assessing the RFC. The Court finds the Plaintiff's argument persuasive.

The RFC is a measure of what an individual can do despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p,

1996 WL 374184, at *1 (July 2, 1996). The relevant evidence of the individual's ability to do work-related activities includes the claimant's medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id.* at *5. The determination of a claimant's RFC is a legal decision rather than a medical one. *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)). The ALJ must provide a narrative discussion of the record evidence and an explanation as to how the evidence supports the ALJ's RFC findings. SSR 96-8p, 1996 WL 374184, at *7.

Here, the ALJ assessed an RFC for light work. The Court recognizes that, in the opinion, the ALJ considered the results of the February 2024 MRI. AR 18. Specifically, the ALJ stated:

> An MRI of the claimant's right knee in February 2024 found "[t]race undersurface fibrillation" osteoarthritis as well as "[m]ild tricompartmental osteoarthritis" with a small focal region of "moderate to severe focal thinning of the articular cartilage of the medial femoral" cartilage. There was also evidence of a possible tiny undersurface tear of the posterior horn/root junction of the lateral meniscus, low-grade sprain medial collateral ligament (MCL), and tendinopathy of the quadriceps and patellar tendons. (16F/5-7; 17F/3).

*Id.*

However, the February 2024 MRI is new medical evidence that was not reviewed by the state agency physician or any other physician, and the ALJ is not qualified to interpret the results to suggest that the Plaintiff could perform light work. *See, e.g.*, *Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018) ("But no medical source opined that the imaging results were inconsistent with Lambert's complaints of disabling pain."); *Akin v. Berryhill*, 887 F.3d 314, 317–18 (7th Cir. 2018) (finding that, without an expert opinion interpreting the MRI results in

the record, the ALJ was not qualified to conclude that the MRI results were "consistent" with his RFC assessment (citing *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014); *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014))). Notably, the Defendant does not directly respond to the Plaintiff's argument that the ALJ was not qualified to interpret the results of the February 2024 MRI and the ALJ needed to seek an updated review by a state agency physician. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."). Instead, the Defendant merely argues that the regulations only require the ALJ to seek updated evidence in limited circumstances, which the Defendant asserts are inapplicable to the instant case. But here, the Plaintiff's argument involves MRI evidence that postdates the state agency physician's opinion and was not otherwise reviewed by a physician, and the Defendant does not make an argument about what the regulations require under those circumstances. Thus, the Court need not address such an argument. *See United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." (citation omitted)).

As a result, the Court finds that the ALJ has not created a logical bridge between the Plaintiff's severe impairment of osteoarthritis of her right knee, the evidence of the February 2024 MRI showing moderate to severe focal thinning of the articular cartilage of the medial femoral cartilage in the Plaintiff's right knee, and the RFC for light work. Accordingly, remand is required for proper consideration of the Plaintiff's February 2024 MRI in formulating the RFC. *See Akin*, 887 F.3d at 317–18. Because remand is required on this basis, the Court does not reach the Plaintiff's additional arguments.

**CONCLUSION**

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 12] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion.

SO ORDERED on April 8, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT